By the Court.—Curtis, J.
The contract contain- • ing the provision in question is drawn in the German language, and this portion of it is rather obscure in the expression of its meaning.
The summons is for relief, and taken in connection with the prayer of the complaint, which is partly for equitable relief, it would seem as if the plaintiff was at *28 some loss as to what construction he should place on this clause of the agreement of July 12, 1868, when he commenced this action in June, 1870. The evidence shows that previous to the execution of this agreement schedules were made out by the parties, showing the amount of the debts due and owing by the firm, and that the difference between them was this sum of $2,433.46 in favor of the firm.
If it had been the intention of the parties that the defendant should pay this sum to the plaintiff, it would have been the most simple and natural course to have had it so expressed in the instrument, and as becoming due within thirty days.
Upon reading this provision as it exists in the instrument, and as the parties seem to have themselves at first viewed it, and looking at the surrounding circumstances, it appears to me, that it really means nothing more than that the defendant, Wolff, should collect the debts of the firm, pay its obligations, and then pay over whatever surplus might remain in his hands to the plaintiff, Stapenhorst. Any other interpretation of it is forced and improbable, and not, as it seems to me, warranted by the language employed.
I think the construction given to it by the referee is incorrect, and that there should be a reversal of the judgment, with a new trial, and with costs to the defendant to abide the event of the suit. Order of reference also vacated.